UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TROY ALLEN                                         CIVIL ACTION

VERSUS                                             NUMBER: 06-9035

MARLIN N. GUSMAN                                   SECTION: "B"(5)

**REPORT AND RECOMMENDATION**

This 42 U.S.C. §1983 proceeding, which was initially filed in the United States District Court for the Middle District of Louisiana and was thereafter transferred to this Court, was initiated in forma pauperis by pro se plaintiff, Troy Allen, against defendant, Marlin N. Gusman, Criminal Sheriff for the Parish of Orleans. Plaintiff, an inmate of the Sherman Walker Correctional Institute, LaPlace, Louisiana, at the time he filed suit, complained of the conditions of confinement allegedly existing at the Orleans Parish Prison where he was housed from January 31 to May 3, 2006. (Rec. doc. 1-2, pp. 3-4).

After the Sheriff had filed an answer to plaintiff's complaint, the Court issued a Briefing Order directing plaintiff to file in the record of this proceeding, on or before January 5,

2007, a statement of the facts expected to be proven at trial, a list of documents to be offered as exhibits, and a list of intended witnesses. (Rec. doc. 3). A copy of the Briefing Order that was mailed to plaintiff at his address of record was subsequently returned to the Court with a notation that plaintiff had been transferred to a different jail facility or released and that his mail was, therefore, undeliverable. (Rec. doc. 4). It has now been over thirty days since that piece of mail was returned to the Court. The Court's Briefing Order remains unsatisfied.

Local Rule 11.1E provides, in pertinent part, that "[e]ach attorney and pro se litigant has a continuing obligation to apprise the court of any address change." Local Rule 41.3.1E further provides that "[t]he failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days." The foregoing Rules impose an affirmative obligation on parties to keep the court apprised of their current mailing addresses and relieves court personnel of that burden. The importance of this obligation was noted by the Fifth Circuit years ago when it stated that "[i]t is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail." Perkins v. King, 759 F.2d 19 (5th Cir. 1985)(table). Finally, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, an

action may be dismissed based on the failure of the plaintiff to prosecute his case or to comply with a court order. Lopez v. Aransas County Independent School District, 570 F.2d 541 (5th Cir. 1978).

As noted above, plaintiff has failed to keep the Court apprised of a current mailing address as required by Local Rule 11.1E. Plaintiff acknowledged his obligation in that regard when he signed his complaint, the fourth page of which states that "I understand that if I am transferred or released, I must apprise the Court of my address, and my failure to do so may result in this complaint being dismissed." (Rec. doc. 1-2, p. 4). Plaintiff has also failed to provide the Court with the information requested in the Briefing Order. The Court must therefore assume that plaintiff has no further interest in prosecuting this case. As plaintiff is proceeding pro se in this matter, these failures are attributable to him alone.

## RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed for failure to prosecute pursuant to Local Rule 41.3.1E and Rule 41(b), Federal Rules of Civil Procedure.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court,

provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en</u> <u>banc</u>).

New Orleans, Louisiana, this __9th__ day of __February__, 2007.

*[signature: Alma L. Chasez]*

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE